**REDACTED PUBLIC COPY**
**FILED PURSUANT TO JANUARY 21, 2009 ORDER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RAVI P. RAWAT, NICK MATICH and ELLIOTT LYONS on behalf of themselves and others similarly situated,** | ) | |
| **Plaintiffs,** | ) | **Case No. 08-cv-4305** |
| **v.** | ) | **Judge James B. Moran** |
| **NAVISTAR INTERNATIONAL CORPORATION,** | ) | **Magistrate Judge Martin C. Ashman** |
| **Defendant.** | ) | |

**NAVISTAR INTERNATIONAL CORPORATION'S**
**SUPPLEMENTAL ANSWER AND COUNTERCLAIM TO**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to this Court's January 5, 2009 Order, Defendant Navistar International Corporation ("Navistar" or the "Company"), by its counsel, hereby supplements its Answer and Affirmative Defenses filed August 18, 2008 as its answer to the First Amended Class Action Complaint of Plaintiffs Ravi P. Rawat, Nick Matich and Elliott Lyons (collectively, "Plaintiffs"). As requested by the Court, Navistar hereby responds only to paragraphs containing new allegations. Except as set forth below, and to the extent Plaintiffs' First Amended Complaint now asserts its previous allegations on behalf of all Plaintiffs, Navistar stands on its original answer and affirmative defenses as its answer and defenses to the corresponding allegations in the First Amended Class Action Complaint and fully incorporates its previous answer and affirmative defenses herein. Accordingly, Navistar states as follows:

1. This action was a refiling of a case filed on May 23, 2008, in the Northern District of Illinois, captioned *Rawat v. Navistar Int'l Corp.*, 08-3038 (N.D. Ill.) for which Defendant has moved to dismiss for lack of subject matter jurisdiction on the sole grounds that there are fewer

than 100 class members. On July 18, 2008, Plaintiff refiled in the Circuit Court of Cook County, and on July 29, 2008, Defendant removed this case to this Court.

**ANSWER:**

Navistar admits that a case captioned *Rawat v. Navistar Int'l Corp.*, 08-3038, was pending in the Northern District of Illinois and that Navistar moved to dismiss that case for lack of subject matter jurisdiction because the putative class in that action contained less than 100 persons. Navistar further admits that Plaintiff filed the instant action in the Circuit Court of Cook County on July 18, 2008 and that Navistar removed the case to this Court on July 29, 2008. Except as expressly admitted, Navistar denies any remaining allegations in Paragraph 1. Navistar affirmatively states that the filing of this duplicative case by Plaintiff and his counsel is an abuse of the class device.

3. Jurisdiction: This Court has jurisdiction over all claims asserted herein pursuant to 28 U.S.C. §1332(d)(3), because diversity exists between members of the plaintiff class and defendants, and the amount in controversy exceeds $5,000,000. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have. This Court retains general jurisdiction over each named defendant who is a resident of Illinois. Defendants' conduct arose out of Illinois, where Navistar International maintains its corporate headquarters.

**ANSWER:**

Navistar admits that jurisdiction is proper under 28 U.S.C. § 1332(d). Navistar admits that minimal diversity exists between members of the proposed class and defendant and that the amount in controversy exceeds $5,000,000. Navistar admits that it maintains its corporate headquarters in Illinois. Navistar denies any remaining allegations in Paragraph 3.

4. Venue: is proper in this Court pursuant to 28 U.S.C. §1391(a) because one or more of the defendants either resides in or maintains executive offices in this District, and a substantial portion of the transactions and wrongs that are the subject of this complaint, including the defendants' primary participation in the wrongful acts detailed herein, breach of contract, breach of implied obligation of good faith and fair dealing occurred in substantial part in this District. Finally, defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District. Further, Navistar's Illinois registered agent, CT Corporation System, is located at 208 South LaSalle

Street, Chicago, IL 60604. Navistar also does business in Cook County and has an engine plant located at 10400 W North Ave. Melrose Park, IL 60160, which is in Cook County.

**ANSWER:**

Navistar admits that venue is proper pursuant to 28 U.S.C. § 1391(a). Navistar admits that it maintains executive offices in this District. Navistar further admits that it does business in this District, including within Cook County. Navistar further admits that its registered agent, CT Corporation System, has an office in Chicago, Illinois. Except as expressly admitted, Navistar denies any remaining allegations in Paragraph 4.

5. Plaintiffs:

(a) Ravi P. Rawat is a citizen of Illinois and is a former Assistant General Manager of the heavy truck group of Navistar International Corporation.

(b) Nick Matich is a citizen of Kentucky and is the former Vice President and General Manage Severe Service Truck Unit. Mr. Matich's position was located at Navistar's corporate headquarters, 4201 Winfield Road, Warrenville, Illinois.

(c) Elliott Lyons is a citizen of Georgia and is the former Director of Product Development in Navistar's Severe Service Vehicle Center and Global Export and Military, located in Indiana.

**ANSWER:**

Navistar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Plaintiffs' citizenships, and on that basis, denies those allegations. Navistar denies any remaining allegations in Paragraph 5.

7. Plaintiff Rawat began working for Defendant Navistar in January 1989. Throughout his tenure at Navistar, Plaintiff was granted stock options on seven occasions. Plaintiff Matich began working for Defendant Navistar in 2001 and was granted options throughout his tenure. Plaintiff Lyons began working for Navistar in 2002 and was granted stock options every year until his separation in 2006.

**ANSWER:**

Navistar admits that Plaintiff Rawat was granted stock options on seven occasions. Navistar further admits that Plaintiffs Matich and Lyons were granted stock options. Except as expressly admitted, Navistar denies any remaining allegations in Paragraph 7.

23. Plaintiffs were all employees of Navistar and received options pursuant to Navistar's stock option plan.

**ANSWER:**

Navistar admits that the Plaintiffs received options pursuant to one or more Navistar performance incentive plans. Except as expressly admitted, Navistar denies any remaining allegations in Paragraph 23.

24. Throughout the time they were employed by Navistar, each of the Plaintiffs were granted options pursuant to the Stock Option Plan on a yearly basis.

**ANSWER:**

Navistar admits that the Plaintiffs received options pursuant to one or more Navistar performance incentive plans. Except as expressly admitted, Navistar denies the allegations in Paragraph 24.

25. Plaintiff Rawat separated from Navistar, effective January 5, 2007, while the blackout period was in effect. Plaintiff Matich separated from Navistar in May 2006 and Plaintiff Lyons separated from Navistar in June 2006.

**ANSWER:**

Navistar denies the allegations in Paragraph 25.

28. At the time of their separations, Plaintiffs had vested options that, according to the Stock Option Plan, were a contractual right and exercisable within 90 days from the date of his effective resignation.

**ANSWER:**

Navistar admits that at the time of their separations, Plaintiffs possessed vested options. Except as expressly admitted, Navistar denies any remaining allegations in Paragraph 28.

29. Plaintiff made several attempts to exercise within the 90 day period after his separation. Navistar refused to allow him to exercise his rights under the guise of the Company's unilateral self-imposed blackout period, which continued after Plaintiff Rawat's resignation and before the 90 day period ended on April 5, 2007. Plaintiff Rawat had several conversations with Navistar management and Navistar's stock option administrator, Merrill Lynch, in an attempt to exercise his vested options. Similarly, Plaintiffs Matich and Lyons had numerous conversations with Navistar management to attempt to exercise their vested options.

**ANSWER:**

Navistar admits that communications occurred between Navistar, Inc. management and Plaintiffs Rawat and Matich concerning exercising their options. Except as admitted, Navistar is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations regarding Plaintiffs' alleged attempts to exercise, and on that basis, denies them. Navistar denies any remaining allegations in Paragraph 29.

31. Ultimately, the Company refused to allow Plaintiffs to exercise their options and breached the option contract.

**ANSWER:**

Navistar denies the allegations in Paragraph 31.

46. **The Proposed Class.** Plaintiffs brings this case for himself and for the following class:

> all Navistar employees and former employees whose stock options either expired or who were prevented from exercising their options during the Navistar's "blackout" period. (April 6, 2006 - May 29, 2008).

The Class satisfies all the prerequisites for certification under both Fed. R. Civ. P. 23 and 735 ILCS 2/801.

**ANSWER:**

Navistar admits that Plaintiffs purports to bring this action as a class action. Navistar denies that this action is appropriate for class treatment. Except as expressly admitted, Navistar denies any remaining allegations in Paragraph 46.

50. **Adequacy.** Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have no claims antagonistic to those of the Class.

Plaintiffs have retained competent and experienced counsel in complex class actions, securities, and corporate litigation. Counsel is committed to the vigorous prosecution of this action.

**ANSWER:**

Navistar denies the allegations in Paragraph 50.

62. Defendant breached the implied covenant of good faith and fair dealing under the contracts by engaging in the conduct complained of herein and by engaging in the conduct that led to the Company's blackout period and thereafter. While the blackout was no fault of the Plaintiffs, the Company refused to extend the exercise period beyond the blackout so that Plaintiffs could have a meaningful opportunity to exercise their contractual rights conferred upon them by option grants, thereby preventing Plaintiffs from exercising their stock options.

**ANSWER:**

Navistar denies the allegations in Paragraph 62.

73. Defendant has attempted to induce class members to release their claims through an inadequate, coercive and oppressive offer which omits the information necessary for option holders to make a knowing and informed decision, with assistance of appropriate expert advice.

**ANSWER:**

Navistar denies the allegations in Paragraph 73.

## COUNT V
### VIOLATION OF THE INDIANA WAGE PAYMENT AND COLLECTION ACT, IND. CODE §22-2-9-1 AND §22-2-5-1 *ET SEQ.*

77. Plaintiff Lyons incorporates all foregoing paragraphs.

**ANSWER:**

Navistar repeats and realleges the responses set forth above as if fully restated herein as and for its answer to Paragraph 77.

78. Plaintiff Lyons was an employee of Navistar International Corporation's Indiana location.

**ANSWER:**

Navistar denies the allegations in Paragraph 78.

79. At all times relevant, Indiana Code 22-2-9-1 *et seq.* was in full force and effect.

**ANSWER:**

Navistar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79, and on that basis, denies those allegations.

80. Defendant Navistar was an employer under 22-2-9-1 Sec. 1.

**ANSWER:**

Navistar denies the allegations in Paragraph 80.

81. Under Ind. Code § 22-2-9-1:

> (a) Whenever any employer separates any employee from the pay-roll, the unpaid wages or compensation of such employee shall become due and payable at regular pay day for pay period in which separation occurred: Provided, however, That this provision shall not apply to railroads in the payment by them to their employees.

**ANSWER:**

Navistar denies the allegations in Paragraph 81.

82. Under Ind. Code § 22-2-5-1:

> Sec. 1. (a) Every person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee. The payment shall be made in lawful money of the United States, by negotiable check, draft, or money order, or by electronic transfer to the financial institution designated by the employee. Any contract in violation of this subsection is void.
>
> (b) Payment shall be made for all wages earned to a date not more than ten (10) business days prior to the date of payment. However, this subsection does not prevent payments being made at shorter intervals than specified in this subsection, nor repeal any law providing for payments at shorter intervals. However, if an employee voluntarily leaves employment, either permanently or temporarily, the employer shall not be required to pay the employee an amount due the employee until the next usual and regular day for payment of wages, as established by the employer. If an employee leaves employment voluntarily, and without the employee's whereabouts or address being known to the employer, the employer is not subject to section 2 of this chapter until:

(1) ten (10) business days have elapsed after the employee has made a demand for the wages due the employee; or

(2) the employee has furnished the employer with the employee's address where the wages may be sent or forwarded.

**ANSWER:**

Navistar admits that Plaintiffs have accurately quoted the Indiana statute. Except as expressly admitted, Navistar denies any remaining allegations in Paragraph 82.

83. Defendant Navistar violated the above provisions because it failed to allow Plaintiff Lyons and the Class to exercise their stock options during Navistar's blackout period.

**ANSWER:**

Navistar denies the allegations in Paragraph 83.

84. The stock options were wages under the Indiana Wage Payment statue. Ind Code § 22-2-5-1.

**ANSWER:**

Navistar denies the allegations in Paragraph 84.

85. Plaintiff Lyons and Class Members were damaged because they have not received the wages they are entitled to.

**ANSWER:**

Navistar denies the allegations in Paragraph 85.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the Class, pray for judgment as follows:

A. Declaring this action to be a proper class action pursuant to Fed. R. Civ. P. 23 on behalf of the Class defined herein, and declaring the Plaintiff to be a proper Class representative, and Plaintiff's counsel as counsel for the Class;

B. Declaring that the Stock Option Plan's 90 day expiration period for former employees is tolled by the blackout period;

C. Declaring that the offer made to putative class members is inadequate, coercive and invalid;

D. Voiding releases accepted by Navistar in connection with this action;

E. Finding that Navistar breached its obligations under the Company's Stock Option Plan and Stock Option contracts;

F. Finding that Navistar breached its obligation of good faith and fair dealing to Plaintiff and the Class;

G. Enjoining Navistar from allowing putative class members to release their claims;

H. Awarding Plaintiffs and Class members compensatory damages in an amount to be proven at trial;

I. Awarding Plaintiffs and the Class pre-judgment interest, as well as reasonable fees and costs; and

J. Awarding such other relief as this Court may deem just and proper.

**ANSWER:**

Navistar denies that Plaintiffs are entitled to any relief, including but not limited to the relief sought in Plaintiffs' First Amended Class Action Complaint. Navistar further denies that this action is appropriate for class treatment. Accordingly, Navistar asks that Plaintiffs' First Amended Complaint be dismissed with prejudice, that judgment be entered for Navistar and that Navistar be awarded its attorneys' fees and costs in defending against Plaintiffs' Amended Complaint, together with whatever other relief the Court may deem appropriate.

## COUNTERCLAIM

Counter-Plaintiff Navistar International Corporation ("Navistar"), in support of its counterclaim against Counter-Defendant Nicholas Matich ("Matich"), states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. This Court has venue of this matter pursuant to 28 U.S.C. § 1391 because Matich has sufficient contacts to submit himself to the personal jurisdiction of this Court. REDACTED

REDACTED

**PARTIES**

3. Navistar is a corporation organized under the laws of the State of Delaware and has its principal place of business in the State of Illinois.

4. Matich is a resident of the State of Georgia.

**FACTUAL ALLEGATIONS**

REDACTED

REDACTED

9. On January 5, 2009, Matich sued Navistar in Rawat, et al. v. Navistar International Corporation, Case No. 08-4305 (N.D. Ill.), individually and on behalf of a proposed class alleging breach of contract and other claims related to stock options awarded pursuant to one or more Navistar incentive performance plans.

REDACTED

**COUNT I – BREACH OF CONTRACT**

11. Navistar reincorporates the allegations of paragraphs 1 through 10 as if fully set forth herein.

REDACTED

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counter-Plaintiff Navistar prays for judgment as follows:

a. Judgment against Matich and in favor of Navistar for the claims brought by Matich in Rawat, et al. v. Navistar International Corporation, Case No. 08-4305 (N.D. Ill.);

b. Judgment in favor of Navistar and against Matich for the counterclaim brought by Navistar;

c. Damages;

d. Attorneys fees and costs;

e. Any such other and further relief as the Court deems just and proper.

Dated: January 20, 2009

Respectfully submitted,

One of the Attorneys for Defendant
Navistar International Corporation

Laurence H. Levine
Maaike S. Almeida
LAURENCE H. LEVINE LAW OFFICES
190 South LaSalle Street, Suite 3120
Chicago, Illinois 60603
Phone: (312) 291-7000
Fax: (312) 291-7015

Cary R. Perlman
Mark S. Mester
Robin M. Hulshizer
Robert C. Levels
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 876-7700
Fax: (312) 993-9767

# EXHIBIT 1

REDACTED

REDACTED

REDACTED

REDACTED