**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| RAVI P. RAWAT and ELLIOTT LYONS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>NAVISTAR INTERNATIONAL CORPORATION,<br><br>Defendant. | No. 08-4305<br><br>Honorable John W. Darrah<br><br>Magistrate Judge Ashman |

**PLAINTIFFS' MOTION FOR AN ORDER DECLARING THAT DEFENDANT'S RULE 68 OFFERS OF JUDGMENT HAVE NO LEGAL EFFECT**

Plaintiffs Ravi P. Rawat and Elliott Lyons hereby move this Court for an order striking Defendant's Rule 68 offers of judgment or declaring that these offers have no legal effect, stating as follows:

## I. INTRODUCTION

On July 28, 2008, Plaintiffs filed this case as a putative class action lawsuit on behalf of holders of Navistar employee stock options whose options expired during the Company's 26 month "blackout" period, where option holders were prevented from exercising these options in the Circuit Court of Cook County. On July 29, 2008 Defendant removed the action to this Court.

Despite the Court's scheduling order allowing class discovery and scheduling the class certification briefing, Defendant improperly attempts to "pick-off" the class representative by

inadequate Rule 68 offers of judgment, attached to a letter that threatens personal liability for the costs of the case in the event that Plaintiffs do not accept the Defendant's inadequate offer.[1]

Further, this tactic is simply meant to either end the litigation around Rule 23 or to create some perceived conflict between the Plaintiffs and the putative class. Accordingly, Plaintiffs' ask this Court to declare, consistent with the numerous decisions of this district that Defendant's Rule 68 offers of judgment are of no legal effect in this context.

## II. ARGUMENT

There are two independent reasons that this Court should determine that Defendant's Rule 68 offer of judgment has no legal effect: First, Plaintiffs sought class certification from the beginning of the case, moved for class certification[2], and are currently proceeding in class certification discovery leading to the filing of the class certification brief on January 22, 2010. (Dkt. 96). Second, the Rule 68 offers of judgment are intended to thwart class certification and ignore Rule 23(e)'s protections.

### A. Plaintiffs' Class Certification Motion and Proceedings Render Defendant's Rule 68 Offer of Judgment Invalid

Despite the case-long existence of the class action complaint (Dkt. 1), Plaintiffs' first motion for class certification (Dkt. 13) (which was ministerially stricken without briefing and without prejudice to refiling) (Dkt. 67), and ongoing class proceedings, Defendant attempts to "pick off" the putative class representatives by offering them substantially less relief than Plaintiffs seek in their Complaint and no consideration to the putative class.

Rule 68 is a statute that allows "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed.

---

[1] The Offers of Judgment are attached hereto as Exhibit A.

[2] This motion was stricken ministerially with all motions on file at the time. (Dkt. 67).

R. Civ. P. 68(a). If the Plaintiff does not accept the offer, the consequences are dire: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68 (d). Thus, the putative class representatives here have a Hobson's choice to either accept the inadequate offer or expose themselves to possible liability for Defendant's costs.

Courts in the Northern District of Illinois and throughout the country have faced this very issue and repeatedly rejected such defendant's efforts to thwart class certification, attempts to "pick-off," force off, or moot, putative class representatives. The Northern District of Illinois (as well as various other district courts and the Third Circuit) has resoundingly rejected this tactic as wrongful, and has declared the offers invalid where class certification motion was filed within Rule 68's ten day period, as here.[3] (Dkt. 97).

For instance, *Janikowski v. Lynch Ford Inc*., No. 98 C 8111, 1999 WL 608714 (N.D. Ill. Aug. 5, 1999) and its progeny demonstrate that Rule 68 offers during a class action are invalid because of the inherent tension between Rule 68 and Rule 23. In *Janikowski*, Judge Conlon held that the plaintiff "was not at liberty to accept the offer when it was made because she was then lead plaintiff in a putative class action." *Id*. at *2. The court reasoned that "[s]ettlement of a class action, putative or otherwise, requires the court's approval after a fairness hearing that considers the settlement's effect on absent class members." *Id*., *citing* Fed. R. Civ. P. 23(e) and *White v. Alabama*, 74 F.3d 1058, 1063 (11th Cir. 1996). Indeed, the court granted the plaintiffs motion to strike despite the fact that no class was certified because the class representative "could not consider a settlement offer." *Id.*

[3] Here, the ten-day period expires on December 22, 2009.

Also, in *Asch v. Teller, Levit & Silvertrust, P.C.*, 200 F.R.D. 399 (N.D. Ill. 2000), District Judge Gottschall ruled that a plaintiff's filing his or her motion for class certification prior to the expiration of the ten-day period allotted in Rule 68 precludes mootness and renders the offer invalid:

> Allowing the plaintiffs the kind of retaliatory strike seen here as in *Janikowski*, where ***the plaintiff can avoid the Rule 68 offer by moving for class certification during its pendency adds an appropriate degree of symmetry to the oft-observed asymmetrical bite of Rule 68.*** Nor does it run afoul of the express language of the Rule. It has the additional salutary effect of taking away the incentive for a defendant to make a rule 68 offer before either party has had a reasonable opportunity to evaluate the case; it restores Rule 68 to the role it should have-a means of facilitating and encouraging settlements***, rather than a clever device for gaining an advantage by racing to the courthouse.***

*Asch*, 200 F.R.D. at 401. (emphasis added)

Similarly in *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239 (N.D. Ill. 2001), District Judge Kocoras ruled that the Rule 68 offer "is without force" where the plaintiff's class certification motion was filed during the pendency of the Rule 68 offer. The court held that because "certification transforms the single-plaintiff action into a class action" and "the 'adverse party" to whom the Rule 68 offer of judgment was addressed changes materially" because the plaintiff is comprised of more than the class representatives. *Id.* at 243. The court also opined that "our reasoning extends to the situation before us, where Kremnitzer sought class certification during the ten days following the Rule 68 offer of judgment." *Id.* at 244.

And, in *Parker v. Risk Management Alternatives, Inc*., 204 F.R.D. 113 (N.D. Ill. 2001), District Judge Gettleman held that where the plaintiff's complaint was styled as a putative class action, and its prayer for relief, like here, requested class treatment and appointment of class representatives and class counsel, "at the time defendant made its offer, it was well aware that

plaintiff sought relief beyond merely his personal damages." *Id*. at 114. The court, however, did not strike defendant's Rule 68 offer because it was "void of legal significance." *Id.* at 116.

In addition, Judge St. Eve in *Wilson v. Collecto, Inc*., No. 03 C 4673, 2003 WL 22299022 (N.D. Ill. October 6, 2003), followed *Parker*'s reasoning in that Rule 68 offers are improper where "Plaintiff specifically asks the Court to certify his action as a class action and to appoint Plaintiff to represent the class" and that "Defendant knew that Plaintiff's sought relief beyond merely his personal statutory damages.'" *Id*. at *2.

More recently, in *Giblin v. Revenue Production Management Inc*., No. 07 C 3432, 2008 WL 780627 (N.D. Ill. March 24, 2008), Judge Guzman followed the reasoning in *Jankowski* and *Asch* in invalidating the Rule 68 offers where the plaintiffs filed a motion for class certification within the ten-day period allowed by Rule 68, holding that "[***b]ecause plaintiffs moved for class certification within five days of receiving [Defendant's] offer of judgment, the Court holds that their motion invalidates the offer and keeps this class action alive***." *Id*. at *4.

Finally, courts in other districts have similarly held that releases have no legal effect if the class certification motion is filed within Rule 68's ten day period. *See Gibson v. Aman Collection Service, Inc*., No. IP 00-1798-CT/G, 2001 WL 849525 at *2-3 (S.D. Ind. May 23, 2001)(the District Judge Tinder agreeing with *Asch* and finding that the Rule 68 offer is of no effect); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004)(holding that a motion for class certification does not even have to be filed within the ten days of the offer); *Smith v. NCO Financial Systems, Inc*., 257 F.R.D. 429, 433 (E.D. Pa. 2009)(striking offer and amended offer reasoning that "defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful.")

The only Northern District of Illinois ruling to the contrary of these cases is *White v. Humana Health Plan, Inc.*, No. 06 C 05546, 2007 WL 1297130 (N.D. Ill. May 2, 2007)(U.S. Dist. Judge Leinenweber), which was distinguished by *Giblin*, 2008 WL 780627 at *3, concluding that the *White* court relied heavily on cases that do not address the issue or have facts that are "quite different" from the case. *Id*. The same rationale applies here. The cases supporting striking the Rule 68 offers above both address the issue of Rule 68 offers in the class action context and the filing of the class certification motion prior to the expiration of the ten-day period allowed in Rule 68.

The vast majority of courts in this district, i.e., all but one, recognize that filing a motion for class certification within the ten-day period following a Rule 68 offer nullifies the legal effect of the Rule 68 offer. Here, Plaintiffs filed their motion for class certification within the ten-day period, and Defendant's Rule 68 offers should be declared to have no legal effect.

**B. Defendant's Rule 68 Offer is an Attempt to Subvert Fed. R. Civ. P. 23(e)'s Protection for Class Settlements and Improperly Ignores Rule 68's Purpose**

The purpose of Rule 68 is to "encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). In *Marek*, Justice Brennan noted the problem with applying Rule 68 strictly in class action cases:

> Rule 68 makes no distinctions between individual and class actions. Yet, as the Advisory Committee recently has cautioned, in the class-action context "[an] offeree's rejection would burden a named representative-offeree with the risk of exposure to heavy liability [for costs and expenses] that could not be recouped from unnamed class members.... [This] could lead to a conflict of interest between the named representatives and other members of the class." Advisory Committee's Note to Proposed Amendment to Rule 68, 102 F.R.D., at 436.
>
> Moreover, Rule 23(e) requires the court's approval before a class action is compromised; the Rule protects class members from unjust or unfair settlements affecting their rights by representatives

> who lose interest or are able to secure satisfaction of their individual claims by compromise. *Moreland v. Rucker Pharmacal Co.*, 63 F.R.D. 611, 615 (W.D. La.1974).
>
> Yet Rule 68 does not mesh with such careful supervision. Its "plain language" requires simply that upon the plaintiff's acceptance "the clerk *shall* enter judgment. In addition, Rule 68 sets a nondiscretionary 10-day limit on the plaintiff's power of acceptance-a virtually impossible amount of time in many cases to consider the likely merits of complex claims of relief, give notice to class members, and secure the court's approval.

*Marek v. Chesny*, 473 U.S. 1, 35 n.49 (1985).

Justice Brennan's analysis of abuses and injustices connected with Rule 68 in the class action context shows the ultimate purpose of Defendant's Rule 68 offer here: it is trying to defeat class certification through either 1) forcing the named plaintiffs to accept the lowball offer to the detriment of the class with the threat of costs; or 2) purportedly creating a conflict between the named plaintiffs and the class.

Here, the Plaintiffs filed this class action, filed their motion for class certification and proceeded to class discovery. Nonetheless, Defendant attempts to subvert Rule 68's purposes and Rule 23's class action protections in a desperate attempt to unilaterally defeat class certification through a procedural rule that even the Supreme Court has criticized for use in the class action context.

The rationale applied by the Northern District of Illinois and other courts as demonstrated above directly applies to this case. Class certification proceedings were moving forward leading to the class certification briefing when Navistar decided to invoke Rule 68.

Effectively, because of the named Plaintiffs' fiduciary duties to the putative class members, they cannot accept the Rule 68 offers and should not be subject to Rule 68's risks of costs of the litigation.

Accordingly, this Court should apply the same reasoning as its brethren courts in this district and other districts and declare that Rule 68 offers have no legal effect because they are invalidated by the Plaintiffs' Motion for Class Certification, filed within the ten-day rule provided by Rule 68.

## III. CONCLUSION

Plaintiffs ask this Court to invalidate Defendant's Rule 68 offers of judgment because they are improper at this stage of the litigation because of the upcoming class certification decision and because Plaintiffs' Motion for Class Certification filed within ten days invalidates Defendant's Rule 68 offers under this district's existing case law.

Date: December 10, 2009

Respectfully submitted,

s/Jeffrey M. Salas
Attorneys for Plaintiffs

Clinton A. Krislov
Jeffrey M. Salas
KRISLOV & ASSOCIATES, LTD.
20 North Wacker Drive, Suite 1350
Chicago, Illinois 60606
Tel.: (312) 606-0500
Fax: (312) 606-0207

*Lead Counsel for Plaintiffs*