**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| RAVI P. RAWAT and ELLIOTT LYONS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>NAVISTAR INTERNATIONAL CORPORATION,<br><br>Defendant. | No. 08-4305<br><br>Honorable John W. Darrah<br><br>Magistrate Judge Ashman |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER DECLARING THAT DEFENDANT'S RULE 68 OFFERS OF JUDGMENT HAVE NO LEGAL EFFECT**

Plaintiffs Rawat and Lyons hereby reply in support of their Motion for an Order Declaring that Defendant's Rule 68 Offers of Judgment have No Legal Effect, stating as follows:

**<u>PRELIMINARY STATEMENT</u>**

Defendant's opposition, filled with arrogance and bogus allegations of unethical conduct, proffers only a single actual (yet unsupportable) argument in opposition to Plaintiffs' motion: that Rule 23(e)'s slight amendment forever reversed the vast body of case law supporting Plaintiffs' motion, even case law decided after that amendment. Beyond Defendant's tenuous argument regarding Rule 23's amendment, Navistar and its counsel continue their "low-road" tactics, contriving baseless and irrelevant attacks on Plaintiffs' counsel.

Defendant's tactics are clear: Without a meritorious argument in opposition to class certification, Defendant seeks to besmirch counsel Krislov's reputation and erect bogus hurdles to block Plaintiffs' case from ever actually addressing the merits of either class certification or

the substantive claim. Defendant's anything-to-win tactics -- which Defendant has resorted to throughout the case -- should not be approved by this Court.

## ARGUMENT

### A. Rule 23(e)'s Amendment has No Effect on This Case

Rule 23(e)'s amendment does not change the analysis in cases like this, where the plaintiff(s) file a motion for class certification within 10 days of a defendant's Rule 68 offer. Indeed, since the Rule's amendment, the Northern District of Illinois (Judge Guzman) has declared that Rule 68 judgment has no legal effect.[1]

#### 1. Pre-Amendment Case Law Does Not Rely on Rule 23(e)

Defendant's argument that Rule 23(e)'s amendment reverses the body of decisional law in this district (Def. Opp. at 7) is unsupportable because the decisions it attempts to distinguish do not rely on Rule 23(e)'s pre-amendment language.

For example, in *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 243 (N.D. Ill. 2001)(Judge Kocoras), Judge Kocoras mentioned Rule 23(e) in passing, but relied on this district's decisional law when deciding to hold that the Defendant's Rule 68 offers had no legal effect. Specifically, Judge Kocoras noted that "the district court [in Asch] evinced an unwillingness to permit defendants to short-circuit plaintiffs' abilities to moot a class action by making early Rule 68 offers." *Id.* at 243. And, Judge Kocoras stated that:

> in our view, the certification of a class operates as a material change in the nature of the litigation, which extinguishes a pending Rule 68 offer of judgment against a single plaintiff. . . [o]ur reasoning extends to the situation before us, where Kremnitzer sought class certification during the ten days following the Rule 68

[1] Specifically, Defendant seeks to persuade this Court that Rule 23(e)'s amendment, which allows individual settlement in class cases without court approval, changes the body of case law that allows plaintiffs to invalidate Rule 68 offers by moving for class certification within the time for the Rule 68 offer's acceptance.

> offer of judgment. Obviously Kremintizer could not achieve class certification during that limited time period.

*Id.* at 244.

Judge Kocoras' reasoning does not mention Rule 23(e) and stands despite Rule 23(e)'s amendment.

Also, in *Parker v. Risk Management Alternatives*, 204 F.R.D. 113, 115 (N.D. Ill. 2001)(Judge Gettleman), the court found that because "plaintiff filed his motion for class action certification on the sixth day of the ten-day period allotted to him for accepting or not responding to defendant's offer under Rule 68" made the relief sought different from the relief sought prior to the motion's filing. *Id.* Judge Gettlemen mentioned Rule 23(e) as only one of the reasons that the offer was invalid.

Similarly, in *Wilson v. Collecto*, No. 03 C 4673, 2003 WL 22299022, *2 (N.D. Ill. Oct. 6, 2003)(District Judge St. Eve), relying on *Kremnitzer*, held that the Rule 68 offers were invalid after the motion for class certification's filing because the "adverse party" would change upon class certification, *id.*, noting that it "is especially true given that Plaintiff's complaint is styled as a class action suit. In his prayer for relief, Plaintiff specifically asks the Court to certify his action as a class action and appoint Plaintiff to represent the class. Based on the clear information in the complaint, Defendant knew that Plaintiff 'sought relief beyond merely his personal . . . . damages.'" *Id.* Judge St. Eve does not even mention Rule 23(e).

Notably, *Asch v. Teller, Levit & Silvertrust, P.C.*, 200 F.R.D. 399, 400-401 (N.D. Ill. 2000)(Judge Gottschall) similarly does not rely on the language of Rule 23(e), and reasons that:

> Allowing the plaintiffs the kind of retaliatory strike seen here and in *Janikowski*, where the plaintiff can avoid the Rule 68 offer by moving for class certification during its pendency, adds an appropriate degree of symmetry to the oft-observed asymmetrical bite of Rule 68. Nor does it run afoul of the express language of

> the Rule. It has the additional salutary effect of taking away the incentive for a defendant to make a Rule 68 offer before either party has had a reasonable opportunity to evaluate the case; it restores Rule 68 to the role it should have-a means of facilitating and encouraging settlements, rather than a clever device for gaining an advantage by racing to the courthouse.

*Asch*, 200 F.R.D. at 400-401.

And, then-District Judge Tinder, in *Gibson v. Aman Collection Service Inc.*, No. IP-00-1798-CT/G, 2001 WL 849525 (S.D. Ind. May 23, 2001), struck Rule 68 offers, agreeing with *Asch*. *Id*. at *1. The court mentioned Rule 23(e)'s language, but Rule 23(e) was not dispositive in his holding. *Id*. at *3 Indeed, Judge Tinder also recognized the potential conflict between the named parties and the putative class, citing Justice Brennan's dissent in *Marek v. Chesny*, 473 U.S. 1, 35 n. 49 (1985). *Id*.

Contrary to Defendant's assertions, Rule 23(e) was not the basis for the decisions above, and, at most, was an additional factor lending to the invalidation of the Rule 68 offers. The above cases' reasoning regarding class certification in the context of a Rule 68 offer stands, regardless of Rule 23(e)'s amendment.

### 2. Post –Amendment Case Law's Reliance on *Asch* and *Kremnitzer* is Consistent with the Amended Rule 23(e)

Defendant further argues that case law after Rule 23(e)'s amendment is somehow invalid because it relies on cases that were handed down before 2003. Def. Opp. at 7. In *Giblin v. Revenue Production Management, Inc.*, No. 07 C 3432, 2008 WL 780627, *2-4 (March 24, 2008)(District Judge Guzman), the court invalidated Rule 68 offers where Plaintiffs filed a motion for class certification within ten days after receiving the offer. Judge Guzman specifically rejects *White v. Humana Health Plan, Inc.*, No. 06 C 5546, 2007 WL 1297130 (N.D. Ill. May 2, 2007), stating that "*Greisz* and *Holstein*" do not address the issue and "unlike here

and in *White*, the plaintiff in *Wiskur* filed their motion for class certification after the ten-day period expired. And, Judge Guzman reiterated the *Asch* court's reasoning that Plaintiffs should be allowed some "retaliatory strike" if they receive a Rule 68 offer in the process of moving for class certification.

Defendant's attempt to distinguish *Giblin* fails on analysis and borders on nonsensical. Def. Opp. at 11. Indeed, Navistar claims that *Giblin* and its decisional predecessors are distinguishable because *Giblin* relied on case law which existed prior to Rule 23(e)'s amendment (as shown above, those cases did not solely or heavily rely on Rule 23(e)); and that because this is not a claim under the Fair Debt Collection Practices Act, *Giblin* is distinguishable.[2] *Id.* The substantive claim of this case is immaterial; Plaintiffs' motion is based on the Federal Rules of Civil Procedure (which apply to all federal cases, regardless of claim).

### B. Defendant's Reliance on *White* and *Ptasinska* Demonstrates the Weakness in Defendant's Position

Defendant's citation to *White v. Humana*, 2007 WL 1297130, at *5-6 and *Ptasinska v. U.S. Dept. of State*, No. 07 C 3795, 2008 WL 294907 (N.D. Ill. Jan. 31, 2008) demonstrates the weakness of Navistar's position weakness. Def. Opp. at 12. Not only has *White* been thoroughly distinguished by Judge Guzman in *Giblin* (as noted above), *Ptasinska* is a case where no motion for class certification was even filed.

Specifically, in *White v. Humana*, 2007 WL 1297130, at *5-6, Judge Leinenweber did not strike the offers of judgment, but in doing so, as stated by Judge Guzman in *Giblin*, relied on

[2] Defendant also claims it is distinguishable because the "proposed class claim has been mooted." Def. Opp. at 11. Defendant's persistent echo claiming that most of the class members released their claims ignores the fact that Plaintiffs' complaint asks the Court to declare the releases signed by putative class members voidable. This is not an inquiry for this motion, and after unveiling a number of facts through discovery, believe that there are additional grounds for this Court or a jury to declare these releases voidable.

cases that had little to do with the facts of *White*. The same is true here. The reasoning behind *Giblin* is more persuasive because of the vast case law (with similar facts) that it relies on. White is the anomaly and the exception in cases that present similar facts i.e., class action, Rule 68 offer and motion for class certification within expiration period.

Similarly, *Ptasinska v. U.S. Dept. of State*, 2008 WL 294907 at *2, is distinguishable. In *Ptasinska*, the named representative was suing to compel acceptance of her I-485 Application to Register for Permanent Residence or Adjust Status. *Id*. Prior to class certification motion being filed, her claim was mooted by the U.S. Dept. of State, which accepted her application. *Id.* Judge Kocoras then dismissed the case as moot. *Id*. at *3. Defendant's citation to this case shows the dearth of case law that supports its position. *Ptasinska* involved a situation where the defendant merely capitulated to her application, rather than proactively pay damages or made an offer. Moreover, there is no indication that *Ptasinska* ever moved for class certification.[3] Accordingly, *Ptasinska*'s facts and holding are far from similar to this case.

### C. Defendant's Miscellaneous Accusations Are Baseless and Immaterial to Plaintiffs' Motion Seeking Invalidation of Navistar's Rule 68 Releases

Attempting to obfuscate the issues before the Court, Defendant also hurls various accusations at Plaintiffs and their Counsel that have nothing to do with the Rule 68 offer here. Among these assertions is the bogus one that this Court has made a definitive ruling on the validity/voidability of Defendant's June 20, 2008 offer that was the subject of Temporary Restraining Order proceedings in June 2008. This Court granted in part, and denied in part Plaintiff's TRO motion. Although the Court did not declare the releases invalid, the record at that time was far from complete, and did not make any final ruling on the releases. Moreover,

[3] *Ptasinska*'s docket report confirms that there was no motion for class certification filed in that case.

Plaintiffs, during discovery, are uncovering facts to suggest Navistar sent June 20, 2008 releases while withholding material information. Plaintiffs seek to have this Court or a jury declare that those releases are voidable.

Moreover, Defendant baselessly accuses Plaintiffs' counsel of ethical violations that are of no consequence to this motion. Indeed, Navistar's gratuitous (and meritless) barbs are, at least, utterly unprofessional, and should be condemned by this Court.

## CONCLUSION

Navistar's Rule 68 offers were invalidated by Plaintiffs' moving for class certification within ten days of Navistar's Rule 68 offer. Defendant's arguments that Rule 23(e)'s amendment changes this district's case law – which consistently holds that Rule 68 offers are invalid if plaintiffs file a motion for class certification within the time for the offers acceptance -- are meritless.

Accordingly, Plaintiffs ask this Court to declare that Navistar's Rule 68 Offer of Judgment have no legal effect.

Date: February 1, 2010

Respectfully submitted,

s/Jeffrey M. Salas

Clinton A. Krislov
Jeffrey M. Salas
KRISLOV & ASSOCIATES, LTD.
20 North Wacker Drive, Suite 1350
Chicago, Illinois 60606
Tel.: (312) 606-0500
Fax: (312) 606-0207
*Lead Counsel for Plaintiffs*