UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAVI P. RAWAT and ELLIOTT LYONS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 08-CV-04305 ) |
| NAVISTAR INTERNATIONAL CORPORATION, | ) Judge John W. Darrah ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION AND ORDER

Defendant Navistar International Corporation objects to Magistrate Judge Ashman's Order Granting Plaintiffs' Motion to Compel. For the reasons presented below, Defendant's objections are overruled.

## BACKGROUND

Defendant Navistar has filed objections against Magistrate Judge Ashman's decision to compel discovery under Federal Rule 72(a).[1] Plaintiffs Ravi Rawat and Elliott Lyons are former employees of the Defendant. Plaintiffs sued Defendant, alleging: (1) breach of stock-option contracts; (2) breach of an implied covenant of good faith and fair dealing; and (3) violations of Illinois and Indiana Wage Payment and Collection Acts. Plaintiffs claim they were unable to exercise their stock options during a blackout period mandated by the Securities and Exchange Commission ("SEC") during

---

[1] While Defendant asserts in its objections under Federal Rule 72(b), 72(b) applies only to dispositive motions. Non-dispositive matters, such as the discovery matters at issue here, are governed under Rule 72(a). Defendant's objection will be construed under this Rule instead.

which Defendant was required to file a restatement of its financial reporting. Plaintiffs' stock options expired during this blackout period, and they allege Navistar is liable for their inability to exercise their stock options. On May 26, 2011, Plaintiffs filed a motion to compel Defendant to produce documents relating to:

> 1) Navistar's production in the SEC administrative proceedings (titled *In the Matter of Navistar International Corporation*, Administrative Proceeding No. 3-13994) against Navistar and certain of its executives; and 2) Navistar's discovery production in *Norfolk County Retirement System et al. v. Ustian et al.*, No 07-7014, the federal securities litigation arising from the same restatement-causing events that led to Navistar's "blackout period."

*See* Plaintiffs' Second Motion to Compel (Dkt. #180). Defendant responded in opposition to Plaintiffs' Motion. Judge Ashman heard argument on the Motion to Compel on August 2, 2011, and the issue was fully briefed. On September 1, 2011, Judge Ashman granted the Plaintiffs' Motion to Compel. Defendant now objects to Judge Ashman's order and requests the order be reversed or modified by the Court.

## LEGAL STANDARD

This matter is governed by Federal Rule 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). As the rule states, the district court may overrule a magistrate's order only if it is clearly erroneous or contrary to law, particularly high bars to meet.

2

The Seventh Circuit explained: "[t]he clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries, Co., Ltd.*, 126 F.3d 926, 943 (1997) (*Samsung*); *see also United States v. Gypsum*, 333 U.S. 364, 395 (1948). To prevail on these objections, Defendant must show Judge Ashman's decision to compel the discovery requested was clearly erroneous.

## ANALYSIS

Defendant claims Judge Ashman clearly erred in three ways: (1) by finding Plaintiffs properly showed the relevancy of the *Norfolk* and SEC documents; (2) by failing to consider Federal Rule 26(b)(2)(C)(i) regarding unreasonably duplicative or cumulative discovery and obtaining discovery by other means; and (3) by giving the Plaintiffs' benefit of the compelled discovery greater weight than the burden the discovery would cause Defendant. Based on the following analysis, the Court finds Judge Ashman's decision was not clearly erroneous.

### *The Relevancy of the Plaintiffs' Discovery Requests*

Defendant alleges Judge Ashman's order was clearly erroneous in finding relevancy in the Plaintiffs' requests to produce documents relating to the previous *Norfolk* and SEC productions. Specifically, Defendant alleges Judge Ashman does not explain the relationship between Plaintiffs' claims and Navistar's alleged role in causing the blackout period. Further, Defendant argues that the issue of Navistar's possibly being the cause of the blackout period is irrelevant to the underlying case. It is apparent from Judge Ashman's order that he *did* consider the relevancy of Navistar's role in causing the

blackout period. Judge Ashman noted the well-established principles that relevance is construed more broadly in the scope of discovery than it is at trial, and that evidence is relevant during discovery if there is any possibility it may be relevant to the subject matter of the case. *See* Memo. Op. at 11.

Federal Rule of Evidence 401 applies in this analysis – evidence is considered relevant when it has the tendency to make the existence of any fact of consequence more probable or less probable. Plaintiffs sought evidence on what caused Navistar to have to restate its financials, which, in their view, would go to the cause of the underlying breaches of contract. The evidence sought is relevant to Plaintiffs' position. As Judge Ashman explained, "[t]he parties disagree about how 'causation' should be viewed in this case, but that issue is central to the positions of both sides." Memo. Op. at 12. Plaintiffs sought evidence on what gave rise to the restatement, which caused the blackout period, and Judge Ashman's decision to permit discovery of this evidence was neither clearly erroneous nor contrary to the law.

*The Discovery Sought Was Not Unreasonably Cumulative, Duplicative or Available by Less Burdensome Means*

Defendant also claims Judge Ashman clearly erred by failing to consider that some information Plaintiffs sought to discover was available in more convenient and cost-effective sources, as provided by Federal Rule of Civil Procedure 26(b)(2)(C)(i). To the contrary, Judge Ashman acknowledged in his opinion that discovery can be limited if it is found to be unreasonably cumulative under Federal Rule 26(b)(2). Memo. Op. at 2. Furthermore, the first question Judge Ashman asked during the hearing on this motion to

4

compel these SEC documents is whether or not Plaintiffs can obtain the documents directly from the SEC. *See* Transcript of Proceedings, Aug. 2, 2011, at 15.

In Defendant's view, the SEC ruling and the restatement, which are publicly available, would be sufficient for Plaintiffs to determine the cause of the restatement. However, Defendant maintains Plaintiffs cannot use the SEC's findings as direct evidence of Navistar's fault regarding the need to restate its financials. Had Defendant agreed to this use of the SEC findings (in a consent decree against Defendant), Plaintiffs would have withdrawn their requests for these documents regarding the SEC investigation. It is apparent from the transcript of the hearing that Judge Ashman was aware the SEC filings are available to the Plaintiffs, but it is evident that the underlying documents produced in the SEC investigation are not. As Defendant would not admit to this use of the findings in the SEC ruling, Judge Ashman required Defendant to produce the underlying documents the SEC considered in its ruling. No evidence of a clear mistake on the part of Judge Ashman has been shown here.

*The Burden of the Production of Evidence Against the Benefit*

Finally, Defendant argues Judge Ashman clearly erred in finding that Defendant had not made a specific showing as to the burdensome nature of Plaintiffs' discovery request. It is clear from Judge Ashman's opinion he carefully considered the burden to the Defendant in producing the requested discovery. Judge Ashman determined that Defendant did not provide sufficient information demonstrating how difficult it would be for Defendant to produce this discovery. In particular, Judge Ashman noted that a great deal of the information requested has already been collected and provided in discovery in

5

previous matters – this would appear to offset Defendant's claim of burdensomeness. Additionally, a claim of privilege fails as Defendant did not provide a privilege log in support of its claim. Based on Defendant's vague claims of privilege in response to the Motion to Compel, Judge Ashman explained that "the Court has no evidence of why the attorney-client privilege and the work product doctrine apply or what documents they arguably protect from discovery." Memo. Op. at 19.

Judge Ashman further recognizes that while the breadth of the discovery request is wide, he could not ascertain from Defendant what the expense of this undertaking would be: the Defendant's burden was not addressed in specific terms. In Defendant's objection to Judge Ashman's opinion, it attempts to explain in greater detail the full extent of the burden of the requested production. While this information is informative, it does not go to show how Judge Ashman erred in granting Plaintiffs' Motion to Compel. Rather, it shows Defendant's deficiencies in its response to the Plaintiffs' Motion to Compel – Defendant failed to fully explain the extent of its burden as to the requested production. Judge Ashman's decision on this issue was not clearly erroneous based on the limited information provided by the Defendant.

## CONCLUSION

In light of the foregoing analysis, the Defendant's objections to Judge Ashman's order are overruled. Judge Ashman's comprehensive and well-reasoned order is affirmed and shall be enforced.

Date: 12-5-11

JOHN W. DARRAH
United States District Court Judge

6